UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00170-SEP |
| | ) |
| USIC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Kevin Jones brings this employment discrimination action against Defendant USIC under Title VII of the Civil Rights Act of 1964. The details of the lawsuit are set forth in this Court's March 14, 2023, Order. Doc. [4]. In his complaint, Doc. [1], Plaintiff lists USIC's address as Indianapolis, Indiana, and he appears to claim that the alleged discriminatory conduct occurred at that location as well.[1] Doc. [1] at 2-3. On March 14, 2023, the Court to show cause whether this Court is the proper venue for his employment discrimination action by responding in writing as to the location where the allegedly discriminatory conduct occurred. Doc. [4]. To date, Plaintiff has not responded, and the time to do so has expired. For the reasons set forth below, this case is dismissed.

### DISCUSSION

Claims arising under Title VII are governed by strict venue provisions. *See* 42 U.S.C. § 2000e-5(f)(3). Section 2000e-5(f)(3) provides that Title VII claims may properly be brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." *Id.*

Plaintiff has alleged no basis for finding venue to be proper in this Court. As Plaintiff failed to respond to the Court's Show Cause Order, Doc. [4], the Court must rely on the allegations of the complaint. On a plain reading of that document, Plaintiff asserts that defendant USIC discriminated against him in Indianapolis, Indiana—where USIC is located. *See* Doc. [1] at 2-3. If Plaintiff was employed by USIC in Indianapolis, Indiana, and the allegedly discriminatory conduct occurred there,

---

[1] Although Plaintiff writes "MO" in the address where the "discriminatory conduct occurred," he lists the street address and zip code for Defendant USIC's location in Indianapolis, Indiana. *See* Doc. [1] at 2-3.

then venue is proper only in the judicial district of the Southern District of Indiana.  *See* 28 U.S.C. § 94(b)(1).  Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that Defendant resides within this district.  None of the requirements of 28 U.S.C. § 1391 is present in this case.  Accordingly, this Court cannot find that venue is proper in the Eastern District of Missouri.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the district court can either dismiss the action, or if it is in the interest of justice, transfer the case "to any district or division in which it could have been brought."  In this case, the Court does not find that the interests of justice require transfer, because the case is also subject to dismissal under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to respond to a court order.

Plaintiff was ordered to show cause regarding venue by April 13, 2023.  *See* Doc. [4].  To date, Plaintiff has neither responded to the Court's order nor sought additional time to do so.  Plaintiff was given meaningful notice of what was expected and was cautioned that his case would be dismissed if he failed to timely comply.  Therefore, this action is dismissed due to Plaintiff's failure to comply with the Court's March 14, 2023, Order and his failure to prosecute his case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (court's authority to dismiss *sua sponte* for lack of prosecution is "'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (district court has power to dismiss an action for plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of proper venue and failure to prosecute.  *See* 28 U.S.C. §§ 1391, 1406(a); Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED as moot**.

An order of dismissal accompanies this Memorandum and Order.

Dated this 5th day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE