## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KEVIN JONES,                          )
                                      )
                    Plaintiff,        )
        v.                            )        Case No. 4:23-cv-00170-SEP
                                      )
USIC,                                 )
                                      )
                    Defendant.        )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Kevin Jones brings this employment discrimination action against his prior employer, USIC.  The Court recently reopened this case and vacated its prior dismissal orders.  Before those dismissals issued, the Court ordered Plaintiff to show cause as to whether venue was proper in this Court.  Based on Plaintiff's delayed response, Doc. [5], the Court now finds that venue is proper, and the case may proceed in this Court.

Given that venue is proper, the Court must consider Plaintiff's Motion for Leave to Proceed *in forma pauperis* and his Motion for Appointment of Counsel.  Docs. [2], [3].  Upon consideration of the financial information submitted in support of the Motion to Proceed *in forma pauperis*, Doc. [2], the Court finds that Plaintiff is unable to pay the filing fee.  The motion will be granted, and the fee will be waived.  *See* 28 U.S.C. § 1915(a)(1).  Because Plaintiff is now proceeding *in forma pauperis*, his complaint must be reviewed under 28 U.S.C. § 1915(e)(2)(B).  Based on that review, the Court directs Plaintiff to file an amended complaint within thirty (30) days on a Court-provided form, in compliance with the instructions set out below.  Finally, for the reasons set forth below, the Court denies Plaintiff's Motion for Appointment of Counsel.  Doc. [3].

## I.      Proper Venue in this Court

In Plaintiff's motion requesting the reopening of this case, Doc. [7], he also addressed the venue question posed in the Court's March 14, 2023, Order to Show Cause, Doc. [4].  In that Order, the Court directed Plaintiff to explain whether venue was proper in this Court by clarifying where the allegedly discriminatory conduct by defendant USIC occurred—in Indiana or Missouri.  *See* Doc. [4].  Plaintiff claims that he made a mistake on his complaint in writing that the alleged discriminatory conduct occurred at USIC's corporate address in Indianapolis,

Indiana. Doc. [7] at 1-3. Instead, the alleged conduct occurred at a location in Missouri—in the St. Louis area—which is why Plaintiff filed his Charge of Discrimination at the St. Louis Office of the Equal Employment Opportunity Commission (EEOC). *Id.* at 1. Based on that clarification, the Court finds that venue is proper in this Court, and the case may proceed. *See* 42 U.S.C. § 2000e-5(f)(3) (Title VII claims may be properly brought in any judicial district in which "the unlawful employment practice is alleged to have been committed").

## II.   <u>Initial Review</u>

### A.  Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate "a plausible claim for relief," which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Determining whether a complaint states a plausible claim for relief is "context specific" and requires "the reviewing court to draw on its experience and common sense." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court need not "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se plaintiff's complaint under § 1915(e)(2), the Court holds it "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("[P]ro se complaint and addendum are to be given liberal construction."). A "liberal construction" means that "if the essence of an allegation is discernible," the Court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon*, 795 F.3d at 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, complaints filed by pro se litigants "must allege facts which, if true, state a claim for relief as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are

they required to interpret procedural rules "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B.  The Complaint

In his complaint, Plaintiff states that he brings this action against his prior employer, USIC, under Title VII of the Civil Rights Act of 1964 and under the Rehabilitation Act of 1973. Doc. [1] at 1-2.  He alleges that USIC discriminated against him on May 5, 2021; however, he also claims to have filed his charge of discrimination with the EEOC months earlier—on December 15, 2020.  *Id.* at 3.  According to Plaintiff, USIC terminated him, failed to promote him, failed to accommodate his disability, retaliated against him, harassed him, and had different terms and conditions for his employment than the company had for other similar employees.  *Id.* at 4.  He believes that the discrimination was based on his race, religion, and color, and because he "spoke out and went over" his boss's head, resulting in his termination.  *Id.* at 5.  Plaintiff provides a single line in support of his claim:  "I was fired by Mike Stivers after I made num[er]ous complaints."  *Id.*  As for his requested relief, Plaintiff states that he would like the case "solved quickly."  *Id.* at 7.

### C.  Deficiencies in Plaintiff's Complaint

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2).  Because Plaintiff is self-represented and makes serious allegations, he may amend his complaint in accordance with the instructions set forth below.  *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985).  There are multiple deficiencies with the complaint that Plaintiff should attempt to cure in his amended complaint.

First, Plaintiff's complaint fails to state any factual allegations upon which a claim of employment discrimination could be based.  The single sentence in support of his claim—that he was fired for making numerous complaints—is not enough to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679.  Plaintiff must plead sufficient factual content to allow the Court to draw a reasonable inference that USIC is liable for misconduct.  *Id.* at 678.  Here, Plaintiff has pleaded *no* factual content.

Title VII makes it unlawful for an employer to discriminate against an individual on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of Title VII discrimination, a plaintiff must show that he: "(1) is a member of a

3

protected class; (2) was meeting [his] employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of [his] protected class." *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).  Plaintiff's complaint fails to meet those requirements.  Plaintiff alleges discrimination on the basis of race, religion, and color, but he never specifies his own race, religion, or color; nor does he allege membership in any protected class.  The Court cannot assume facts not alleged in the complaint.  *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).  Plaintiff also never details any disparate treatment, and the complaint lacks any allegation that similarly situated employees of a different race, color, or religion were treated more favorably than Plaintiff.

As for Plaintiff's retaliation claim, Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e-3(a).  The complaint contains no factual allegations suggesting that Plaintiff's complaints against Defendant were related to an unlawful employment practice or a Title VII action.  Although the Court must liberally construe complaints from self-represented litigants, Plaintiff must plead enough factual allegations for his claims to be plausible.

Second, Plaintiff states that he filed his Charge of Discrimination with the EEOC almost six (6) months prior to the alleged date of discrimination.  Doc. [1] at 3.  To bring a Title VII claim, a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter.  *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).  Timely filing a charge of discrimination with the EEOC (or with the State or local agency) is a precondition to suit under Title VII.  *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1).  In Missouri, a complainant must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred.  *Niekamp v. Mo.*, 2020 WL 5350293, at *3 (W.D. Mo. Sept. 4, 2020).

Because Plaintiff did not submit a copy of his EEOC charge of discrimination with his complaint, and the date he specifies for its filing is dubious, the Court cannot discern whether the charge was filed in a timely manner.  Thus, Plaintiff must submit a copy of his EEOC charge of discrimination to this Court with his amended complaint.

4

Third, Plaintiff states that he also brings this case under the Rehabilitation Act. Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-796, prohibits any "program or activity receiving Federal financial assistance" from discriminating on the basis of disability. "To establish a prime facie case of disability discrimination under Section 504, a plaintiff must prove: (1) [he] is a qualified individual with a disability; (2) [he] was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) [he] was discriminated against based on [his] disability." *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague*, 439 F.3d 865, 867 (8th Cir. 2006) (internal quotations and citation omitted). Plaintiff's complaint satisfies none of those requirements. If Plaintiff wishes to pursue a claim under the Rehabilitation Act, he must plead enough factual content to state a plausible claim for relief pursuant to that statute.

## III.   Amended Complaint Instructions

Plaintiff must prepare his amended complaint using a Court-provided form, and he must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. His self-represented status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a "short and plain statement of the claim" showing entitlement to relief, and it also requires that each averment be "simple, concise, and direct." Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state his claims in separately numbered paragraphs, each limited as much as possible to a single set of circumstances. Each count shall set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct (that is, race, religion, color, disability, etc.).

Plaintiff must also attach a complete copy of his EEOC charge of discrimination and EEOC notice of right to sue. Those documents will be considered part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c). The Court directs the Clerk of Court to provide Plaintiff with another Employment Discrimination Complaint form, and Plaintiff will have **thirty (30) days from the date of this Order** to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form, as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier-filed complaints in this action. Claims that are not realleged will be deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

## IV.   Motion for Appointment of Counsel

Plaintiff also asks the Court to appoint him counsel. Doc. [3]. In civil cases, a pro se litigant has no constitutional or statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers criteria such as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Upon review of those criteria, the Court concludes that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, to this point, that he can adequately present his claims to the Court. And neither the factual nor the legal issues in this case appear to be especially complex. Thus, the Court denies the motion without prejudice; it will entertain future motions for appointment of counsel as this case progresses.

## V.   Conclusion

Plaintiff may proceed *in forma pauperis* in this matter, and the filing fee is waived. But Plaintiff's complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B), so he must file an

amended complaint on a Court-provided form within **thirty (30) days of this Order**.  He must attach a complete copy of his EEOC charge of discrimination and EEOC notice of right to sue. Finally, Plaintiff's motion for counsel is denied at this time, without prejudice to refiling at a later date.  Because Plaintiff is proceeding *in forma pauperis*, the Court will also review his amended complaint under 28 U.S.C. § 1915 for frivolousness, maliciousness, and failure to state a claim.  One of Plaintiff's claims must survive § 1915 review in order for this lawsuit to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, within thirty **(30) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order.  Plaintiff shall attach his EEOC charge of discrimination and EEOC notice of right to sue.

**Failure to timely comply with this Order may result in the dismissal of this action without prejudice.**

Dated this 6th day of July, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE